UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MONICA G. ADAMS,**

      **Plaintiff,**

v.                                                    Case No: 6:22-cv-2083-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIBs"), alleging March 27, 2019, as the disability onset date. (Tr. 205.) In a decision dated December 27, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 35.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court.[1] The undersigned has reviewed the administrative record, the parties' memoranda (Docs. 19, 20, 21), and the applicable law. For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision.

---

[1] On February 27, 2023, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 12.) Accordingly, the case was referred to the undersigned by an Order of Reference on March 6, 2023. (Doc. 15.)

I.   BACKGROUND

The ALJ found that Plaintiff suffers from the severe impairments of Chiari I malformation, status post decompression, gastroesophageal reflux disease, obesity, fibromyalgia, inflammatory polyarthritis, and systematic lupus erythematosus. (Tr. 12.) Aided by the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff, despite these impairments, retains the residual functional capacity ("RFC) to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations:

> [N]o climbing of ladders, ropes and scaffolds and only occasional climbing of ramps and stairs. She can occasionally stoop and crawl and frequently balance, kneel and crouch. There can be no work at unprotected heights and no more than occasional exposure to extreme heat.

(Tr. 17.) The ALJ found that, with this RFC, Plaintiff could perform work as a department manager, correction officer, and retail store manager. (Tr. 33.)

II.   ISSUE ON APPEAL

The sole issue on appeal is whether the ALJ properly evaluated the opinion of Plaintiff's treating rheumatologist in determining Plaintiff's RFC. (Doc. 19 at 1.)

III.   STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of

the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). The threshold for such evidentiary sufficiency is not high. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. If supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

## IV.   DISCUSSION

Plaintiff states that the ALJ erred by not evaluating the persuasiveness of the opinion of Plaintiff's rheumatologist, Dr. Waleed Bolad, in determining Plaintiff's RFC. (Doc. 19 at 9–10.) The Commissioner responds that the ALJ did, in fact, properly evaluate Dr. Bolad's opinion because Dr. Bolad was only a co-signer of Dr. Leslie Benny's opinion, which the ALJ properly evaluated in determining Plaintiff's RFC. (Doc. 20 at 8–11.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative

medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization; and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

(*Id.*) In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

On June 24, 2021, Plaintiff was examined at AARA Bolad Arthritis & Rheumatology Clinic. (Tr. 899–905.) Following Plaintiff's Arthritis Residual Functional Capacity and Lupus Medical Assessment examinations, Dr. Benny recommended as follows:

> Patient can walk one city block without rest. She can sit for 1 hour and stand for 1-2 hours at a time. She would need to walk every 10-15 minutes for 10 minutes and would need to shift positions from sitting, to standing, to walking. She would need unscheduled breaks of at least 1 hour more than 4 times a month. She would miss more than 4 days of work per month. She could occasionally lift and/or carry 10 pounds. She could rarely stoop or climb and could never crouch or climb ladders. She has extreme limitation regarding activities of daily living and completing tasks in a timely manner. She has marked limitation in maintaining social function. And her lupus caused moderate involvement in her joints, muscles, mental functioning, and neurological functioning.

(*Id.*) That same day, Dr. Benny drafted treatment notes that contained physical limitations that were consistent with the limitations noted in Plaintiff's Arthritis Residual Functional Capacity and Lupus Medical Assessment exams. (Tr. 940–41.) These treatment notes, however, were co-signed by Dr. Bolad. (*Id.*) In assessing supportability, the ALJ concluded that Dr. Benny's opinion was not supported by her own examination because, during the examination, Dr. Benny found that Plaintiff had "no cyanosis or edema in her extremities, a normal gait and unremarkable joints." (Tr.

32, 938.) In assessing consistency, the ALJ determined that Dr. Benny's opinion was not consistent with other sources in the record because Plaintiff herself "acknowledged that she is able to sit for 4 hours, stand for 3 hours and walk without restriction and for a mile at a time, all of which are contrary to the doctor's assessment." (Tr. 32, 250–58.)

The Court finds that there was no error in the failure to discuss Dr. Bolad's opinion because he only co-signed Dr. Benny's opinion, which the ALJ evaluated. The physical limitations set forth by Dr. Benny following Plaintiff's Arthritis Residual Functional Capacity and Lupus Medical Assessment examinations are nearly identical to the physical limitations set forth in Dr. Benny and Dr. Bolad's treatment notes, which Plaintiff asserts were not considered by the ALJ. (*Compare* Tr. 899–905 *with* Tr. 940–41.) Since the treatment notes co-signed by Dr. Bolad appear to have been authored by Dr. Benny, and include the same limitations as Dr. Benny's questionnaire, there was no error by the ALJ in not explicitly discussing the treatment notes. As the Commissioner points out, the regulations do not require the ALJ to explain her consideration of the factors of consistency and supportability of each opinion from the same source—in this case, Dr. Benny. 20 C.F.R. § 404.1520c(b)(1). The ALJ is not required to discuss every piece of evidence as long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005.) Since Plaintiff does not challenge the ALJ's assessment of Dr. Benny's opinion, and Dr. Bolad simply co-signed Dr. Benny's opinion, the Court's analysis ends here.

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 12, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE